IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA
   *Plaintiff*,

   v.

PATRICK SMITH
   *Defendant.*

Criminal No.:  ELH-18-17

**MEMORANDUM**

On June 23, 2020, defendant Patrick Smith filed a "Motion For Equitable Tolling To File A 2255 Motion." ECF 713 (the "Motion").  Mr. Smith, who is incarcerated at FCI Petersburg, a low security correctional institution in Hopewell, Virginia, avers that he is presently unable to pursue postconviction relief because "his prison has been on lock-down" due to the COVID-19 pandemic.  *Id.* at 2.  Defendant submits that as a result of the public health crisis, "he has been confined to his room for 22.5 hours a day, he is unable to use the prison's law library, cannot use the email or phone, and has no access to his transcripts, which are in the custody of his unit team." *Id.*  Accordingly, Mr. Smith seeks a 120-day extension of the one-year statute of limitations period governing the filing of a petition for postconviction relief under 28 U.S.C. § 2255 or, in the alternative, "an order that the time will be tolled once the motion is filed."  *Id.* at 1.

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2255(a).  Petitions for such relief filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  The one-year clock is triggered by one of four conditions, whichever occurs last, *id.* § 2255(f)(1)-(4):

   (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In his Motion, Mr. Smith does not assert that the government has unlawfully impeded his ability to seek relief, nor does he identify either a retroactive Supreme Court decision applicable to his case or newly discovered, previously unobtainable evidence. Therefore, the Court assumes for present purposes that Mr. Smith's one-year clock to seek habeas relief began to run when his judgment became final.

For the purposes of § 2255(f)(1), a judgment of conviction becomes final upon the conclusion of direct review or expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522, 525 (2003). Mr. Smith did not appeal his conviction or sentence. Thus, his judgment became final on September 14, 2019, fourteen days after entry of judgment. *See* ECF 645; *see also* Fed. R. App. P. 4(b)(1), (b)(6) (providing that a criminal defendant must notice an appeal within 14 days after the judgment is "entered on the criminal docket"); *accord United States v. Osborne*, 452 F. App'x 294, 295-96 (4th Cir. 2011) (per curiam). Accordingly, Mr. Smith's window to file a § 2255 motion will close on September 13, 2020.

As noted, Mr. Smith asks the Court either to extend the one-year limitations period or issue an order declaring that it will be equitably tolled. The Court must deny defendant's request. To begin with, the Court is without jurisdiction to grant Mr. Smith an extension of time. A court may pass on a motion for an extension of time to file a § 2255 motion

2

only if the request for extension is made simultaneously with the filing of the § 2255 motion or after the § 2255 motion is filed.  *See, e.g.*, *United States v. Harris*, 304 F. App'x 223 (4th Cir. 2008) (per curiam) ("Because [petitioner] has not filed a § 2255 motion and his motion for an extension of time to file did not raise any potential grounds for relief, the district court lacked jurisdiction to consider the motion."); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (per curiam); *Ramirez v. United States*, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006); *see also United States v. Green*, 260 F.3d 78, 82 (2d Cir. 2001).  Here, Mr. Smith has not yet filed a § 2255 motion, and so the Court is without jurisdiction to consider his request for an extension of time.

Nor can the Court toll the statute of limitations.  To be sure, the one-year statute of limitations for federal habeas review is subject to equitable tolling, which, in effect, excuses the filing of a tardy habeas petition.  *Holland v. Florida*, 560 U.S 631, 649 (2010); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc).  Equitable tolling of a petition for collateral review is available when the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Consistent with this framework, the Fourth Circuit has instructed that equitable tolling is appropriate in those "'rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

The COVID-19 pandemic may very well qualify as an "extraordinary" circumstance that warrants equitable tolling for the purposes of § 2255.  However, the statute of limitations has not yet run on Mr. Smith's ability to seek postconviction relief.  And, as noted, Mr. Smith has not, in fact, filed such a petition.  As a result, there is no tardy § 2255 motion pending before the Court that may be subject to equitable tolling.  Without such a motion, any declaration regarding the possibility of equitable tolling would be an impermissible advisory opinion.  *See, e.g.*, *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Golden v. Zwicker*, 394 U.S. 103, 108 (1969).

To the extent that Mr. Smith wishes to pursue postconviction relief, he may file a motion before the deadline, with the request to supplement his motion at a later time.  Therefore, I shall deny defendant's Motion (ECF 713).

A separate Order follows.

Date: July 16, 2020

/s/

Ellen Lipton Hollander
United States District Judge