IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK SMITH,<br>    Petitioner. | Criminal No.: ELH-18-017<br>Related Civil No.: ELH-20-2609 |

**MEMORANDUM**

By Memorandum Opinion (ECF 1046) and Order (ECF 1047) of April 29, 2022, the Court denied defendant Patrick Smith's post-conviction petition under 28 U.S.C. § 2255. Smith has filed a pro se "Motion for Reconsideration . . .," which seeks reconsideration of a portion of the Court's previous ruling. ECF 1103 (the "Motion"). It is accompanied by one exhibit. *Id*. at 2. The Motion is dated August 3, 2022, and was received by the Court on August 9, 2022.

No hearing is required to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I. Background**

To avoid a needlessly lengthy opinion, I assume familiarity with the factual and procedural background and legal discussion in my previous Memorandum Opinion (ECF 1046), which is incorporated here.

Smith entered a plea of guilty in May 2019 to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. ECF 562. Subsequently, he filed a pro se post-conviction petition under 28 U.S.C. § 2255, which he sought to amend numerous times, and in which he made several claims. *See* ECF 756; ECF 847; ECF 891; ECF 919; ECF 978; ECF 1003; ECF 1008; ECF 1020; ECF 1022 (collectively, the "Petition").

The investigation against Smith involved a tracking warrant for a cell phone used by Smith (the "Tracking Warrant").  *See* ECF 253-1 (Tracking Warrant and application); *see also* ECF 1046 at 7-11.  The Tracking Warrant was sought after the arrest of Coconspirator 1, one of Smith's codefendants.  The Affidavit in support of the application for the Tracking Warrant was submitted by Officer Craig Jester of the Baltimore Police Department.  In the Affidavit, Jester averred that a particular source of information ("SOI"), later identified by the government as Coconspirator 1, told him that the cell phone that was the subject of the Tracking Warrant belonged to a male known to the SOI as "Pee," who was the "source of supply for heroin, for the Transformers heroin shop." ECF 253-1 at 8.

Among many other arguments, the Petition suggested that Jester fabricated the existence of the SOI, and that the SOI could not have been Coconspirator 1.  *See* ECF 1003 at 7; ECF 1040 at 3-5, 14; ECF 1046 at 49-50, 72-73.  In his Petition, Smith contended that his guilty plea was not intelligent and voluntary under *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013), due to "misrepresentation, lies, and egregiously impermissible misconduct."  ECF 1003 at 1.  Although the Petition was not entirely clear, it appeared that one possible basis in the Petition for this argument was Smith's claim that the SOI could not have been Coconspirator 1, thus the SOI was fabricated.

In a filing by Smith approximately a year and a half after he submitted the Petition, Smith included an Affidavit from Coconspirator 1, dated February 15, 2022.  *See* ECF 1040-2 (the "Coconspirator Affidavit").  There, Coconspirator 1 avers that he "did not make any identification of the number and text messages in [his] phone as [his] drug supplier Patrick Smith until at least a month after [he] was arrested," *i.e.*, *after* the submission of the Tracking Warrant Affidavit.  *Id*. at 2.  Moreover, Coconspirator 1 stated, *id*.: "When I made the identification of the phone number

2

and text messages in my phone as being my supplier Patrick Smith, my privately retained attorney was present." Smith took it as a given that the Coconspirator Affidavit proved that Jester lied in his Trafficking Warrant Affidavit as to the existence of the SOI. *See, e.g.*, ECF 1040 at 5.

In my Memorandum Opinion, I rejected Smith's *Fisher* argument. ECF 1046 at 66-73. I noted the substantial differences between *Fisher*, 711 F.3d at 466, which involved "highly uncommon circumstances in which gross police misconduct [went] to the heart of the prosecution's case," and Smith's allegations in his case. I described most of Smith's grounds as to why Coconspirator 1 could not have been the SOI as "essentially speculation, or an unconvincing parsing of language in warrant applications." ECF 1046 at 72. And, as to the Coconspirator Affidavit, I observed (*id*. at 72-73) that the Tracking Warrant Affidavit asserted that Coconspirator 1 described the phone number at issue as belonging to a male known to him only as "Pee." ECF 253-1 at 8. But, the Coconspirator Affidavit referred specifically to whether Coconspirator 1 identified the individual as "Patrick Smith," and did not dispute that Coconspirator 1 previously identified the individual as "Pee." ECF 1040-2 at 2. Smith has appealed my ruling denying the Petition. *See* ECF 1098.

## II. Legal Standard

Smith labels the Motion as a "Motion for Reconsideration," without citing to any particular rule or authority. But, because the Motion was filed on August 3, 2022, more than 28 days after my entry of judgment on April 29, 2022, it is properly considered under Fed. R. Civ. P. 60(b). *See, e.g.*, *Stoltie v. County of Lexington*, 841 Fed. App'x. 602, 603 (4th Cir. 2021); *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, 981 F. Supp. 2d 415, 419 (D. Md. 2013).[1]

---

[1] As the Court has previously described, Smith asserts that he did not receive a copy of the Memorandum Opinion until June 21, 2022. ECF 1084. Regardless, this is more than 28 days before the filing of the Motion.

"Rule 60(b) applies to § 2255 proceedings, but only 'to the extent that [it is] not inconsistent with' applicable statutory provisions and rules." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Rule 12 of the Rules Governing Section 2255 Proceedings) (alteration in *McRae*).[2]

Fed. R. Civ. P. 60(b) is captioned "Relief from a Judgment or Order." Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

For relief under Rule 60(b), a plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011); *see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] The Court is mindful that a Rule 60(b) motion cannot be used to file what is, in effect, a successive, unauthorized § 2255 petition. "[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition. . . . A Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings,' however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement [for successive petitions]." *McRae*, 793 F.3d at 397 (internal citations omitted).

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Notably, Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id*. at 313. And, "'[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.'" *Wells Fargo*, 859 F.3d at 300 (citing *Dowell*, 993 F.2d at 48) (alteration added). Rather, "a Rule 60(b) motion is appropriate to raise a significant change in the law or facts, or when 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Classen Immunotherapies, Inc.*, 981 F. Supp. 2d at 419 (internal citation omitted). Moreover, Rule 60(b)(6) should be applied in only "extraordinary circumstances." *See Liljeberg*, 486 U.S. at 863-64; *Aikens*, 652 F.3d at 500.

### III. Discussion

The Motion asserts that the Coconspirator Affidavit included an error—an error which, remarkably, addresses precisely the point identified by the Court in its opinion. ECF 1103 at 1. Apparently, the Coconspirator Affidavit was transcribed by Smith's attorney, Roland Brown.[3] In

---

[3] The role of Roland Brown in Smith's case is unclear. Although Brown is apparently representing Smith, all of Smith's myriad filings regarding the Petition have been by Smith himself. And, to my recollection, Brown did not attend any proceedings in the underlying criminal case.

5

an "Affidavit" attached to the Motion, Brown asserts that he "made an error in transcription [sic] the statement of" Coconspirator 1. ECF 1103 at 2.[4] In the Coconspirator Affidavit, ECF 1040-2 at 2, Coconspirator 1 stated: "When I made the identification of the phone number and text messages in my phone as being my supplier Patrick Smith, my privately retained attorney was present." In fact, according to Brown, Coconspirator 1 "did not state the name Patrick Smith he stated the letter 'P.'" ECF 1103 at 2 (reproduced as in original). Therefore, Smith contends that the Court should reconsider its ruling denying his § 2255 Petition, "at least on the Fisher issue," or should hold an evidentiary hearing. *Id*. at 1.

As noted, the Coconspirator Affidavit was offered to the Court approximately a year and a half after Smith submitted the Petition. And, the Motion, seeking to recast the Coconspirator Affidavit in a manner that responds to a specific issue with the Coconspirator Affidavit noted by the Court in its Memorandum Opinion, was filed after that Memorandum Opinion had been issued, and approximately five months after the submission of the Coconspirator Affidavit.

Smith does not cite to any specific ground in Rule 60(b), or mount anything but a cursory argument for reconsideration. Regardless, I do not find a basis to reconsider my previous opinion, nor to provide Smith relief from judgment, whether under his *Fisher* argument or any other issue. Even beyond the Coconspirator Affidavit, there are numerous differences between this case and *Fisher* that counsel towards rejecting Smith's *Fisher* argument.

*Fisher*, 711 F.3d at 466, 469, involved "uncommon" and "egregious circumstances" in which a search warrant was premised on false information contained in an affidavit by a law

---

[4] I note that the first portion of the Affidavit by Brown appears to be copied from the first portion of the Coconspirator Affidavit, because it is dated February 15, 2022, and states that Coconspirator 1 made "the following statement" from prison over the telephone. ECF 1103 at 2; *see* ECF 1040-2 at 2 (the same content). Presumably, this is an oversight.

enforcement officer, who later pled guilty to providing the false information. The material went "to the heart of the prosecution's case," and knowledge of the misrepresentation would have changed the defendant's "entire approach" to the case. *Id*. at 466-67. Here, as I explained in my Memorandum Opinion (ECF 1046 at 72-73), the Tracking Warrant was supported by probable cause even without the SOI; Smith's case for any fabrication is far weaker than the admission in *Fisher*; and it is not clear that Smith's approach to the case would have drastically changed, given that Smith already had serious doubts as to the viability of the Tracking Warrant and Jester's credibility. In sum, Smith's belated correction to the Coconspirator Warrant does not provide grounds for changing the outcome of my previous decision.

## VI. Conclusion

For the reasons stated above, I shall deny the Motion.

An Order follows.


Date: August 11, 2022                                  /s/
                                        Ellen L. Hollander
                                        United States District Judge