IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

PATRICK SMITH,
   Petitioner.

Criminal No.: ELH-18-017

**MEMORANDUM**

     Defendant Patrick Smith was one of numerous defendants in the underlying drug trafficking case.  Pursuant to a Plea Agreement (ECF 563), tendered under Fed. R. Civ. P. 11(c)(1)(C), Smith entered a plea of guilty in May 2019, to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin.  ECF 562.  In accordance with the agreed upon term of ten years' imprisonment (ECF 563, ¶ 9), the Court sentenced Smith on August 21, 2019, to a term of ten years' incarceration.  ECF 645.[1]  The sentence corresponded to the mandatory minimum term of imprisonment.

     Smith subsequently filed a post-conviction petition, pursuant to 28 U.S.C. § 2255, which he supplemented.  *See* ECF 756; ECF 847; ECF 891; ECF 919; ECF 978; ECF 1003; ECF 1008; ECF 120; ECF 122; *see* Civil Case ELH-20-2609.  In an 84-page Memorandum Opinion of April 29, 2022 (ECF 1046), and a corresponding Order (ECF 1047), I granted Smith's motions to amend but, in substance, denied his petition for post-conviction relief and related requests.

     I also denied a Certificate of Appealability.  ECF 1047.  Among other motions that Smith later filed, he sought reconsideration.  ECF 1103.  I denied that motion by Order of August 11,

---

[1] Defendant's advisory sentencing guideline range called for a period of incarceration ranging from 121 to 151 months.

2022. ECF 1106. Thereafter, Smith noted an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 1112. To my knowledge, the appeal is still pending.

Now pending is Smith's "Motion For A New Trial Due To Newly Discover [sic] Evidence That Smith's Attorney Mr. Purpura Represented Smith Under An Actual Conflict Of Interest In The Above Listed Case, That Smith Did Not Discover In Time To Move For A New Trial Pursuant To Rule 59(b); Therefore Smith Brings This Motion For A New Trial Pursuant To Rule 60(b) Or What Ever Matter This Court And Justice Warrants This Motion To be Address [sic] On The Merits. . ." ECF 1120 (the "Motion"). The government's response in opposition is docketed at ECF 1129. Smith's reply is found at ECF 1137.

No hearing is necessary to address the Motion.[2]

## Discussion

In the first instance, Smith relies on Rules 59 and 60. As the government points out, ECF 1129 at 1 n.1, these rules are found in the Federal Rules of Civil Procedure. And, these are inappropriate vehicles for the defendant's challenge to a criminal judgment. *See United States v. Hill*, 859 Fed. App'x 652 (4th Cir. 2021) (per curiam).

Moreover, Fed. R. Crim. P. 33 pertains to a motion for new trial based on newly discovered evidence. But, as the government notes, Smith never proceeded to trial, because he pleaded guilty. ECF 1129 at 2. Therefore, Fed. R. Crim. P. 33 does not apply here. *See*, *e.g.*, *United States v. Strom*, 611 Fed. App'x 148, 149 (4th Cir. 2015) (per curiam) ("'By its express terms, Rule 33 is confined to those situations in which a trial has been had.'") (citation omitted). As a result, relief is not available to Smith under this rule.

---

[2] This Memorandum does not address defendant's motion for compassionate release. *See* ECF 1125.

2

The case of *United States v. Battle*, 499 F.3d 315, 319 (4th Cir. 2007), is also instructive. There, the Fourth Circuit said: "A guilty plea cannot be withdrawn after a sentence has been imposed except on direct appeal or by collateral attack."; *see also* Fed. R. Crim. P. 11(e). This is not a direct appeal, nor is it a § 2255 motion. Even if this Court were to construe the request as a § 2255 motion, however, it would be an unauthorized, successive § 2255 motion.

As noted, this Court previously adjudicated a § 2255 motion filed by Smith, and the matter is now pending on appeal. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Under 28 U.S.C. § 2255(h), second or successive motions are permissible only when they have been "certified . . . by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See United States v. Weinstock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Smith has presented an entirely new claim, *i.e.*, a claim that his attorney had a conflict of interest, in violation of the Sixth Amendment. As the government puts it, this "claim falls squarely within § 2255's ambit, which allows [Smith] to challenge his conviction based on a 'violation of the constitution.' 28 U.S.C. § 2255(a)." ECF 1129 at 3. But, he has not obtained authorization from the Fourth Circuit.

For all these reasons, I shall deny the Motion.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a Certificate of Appealability ("COA") when it enters a final

order adverse to the applicant as to a post-conviction claim.  A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[3]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In my view, Smith has not made a substantial showing of the denial of his constitutional rights.  Therefore, I decline to issue a COA.

An Order follows, consistent with this Memorandum.

Date: April 21, 2023                                /s/
                                      Ellen L. Hollander
                                      United States District Judge

---

[3] The denial of a COA by the district court does not preclude a petitioner from seeking a COA from the appellate court.