IN THE UNITED STATE'S COURT OF APPEAL'S

FOR THE FOURTH CIRCUIT

------------------------------------------------------------

USDC- BALTIMORE
'23 MAY 8 PM 2:53

CASE NO.:DISTRICT COURT CASE NO.: 1:18-CR-00017-ELH

CIVIL CASE NO> 1:20-CV-02609-ELH

------------------------------------------------------------

UNITED STATES

v.

PATRICK SMITH

NOTICE OF APPEAL

-------- --------------

THE HONORABLE JUDGE HOLLANDER ERRED AND ABUSED HER

DISCRETION IN DENYING MR. SMITH'S MOTION FOR A NEW

TRIAL DUE TO AN ACTUAL CONFLICT OF INTEREST THAT HIS

ATTORNEY WILLIAM PURPURA REPRESENTED HIM UNDER

----------------------------------------------------------------------

Patrick Smith #63919-037

322 N Carrollton Ave.

Baltimore, Maryland 21223

----------------------------

Here come Patrick Smith #63919-037, in the proper person. Smith was recently release on the

Cares Act., due to the decline and the deterioration of his health.  Mr. Smith's mailing address presently

Is 322 N. Carrollton Ave., Baltimore, Maryland 21223. Do move this  United States  Court of Appeals  to

grant this Notice of Appeal's for  the Honorable Judge Hollander, because she erred and abused the

court discretion by refusing to address the issues raised on the merits of Mr. Smith's of being

represented under an active and actual "conflict of interest, which has violated Mr. Smith's Sixth

Amendment Rights of the United State's Constitution.


### FACTUAL AND PROCEDURAL BACKGROUND

----------------------------------------------------------


Petitioner Smith, was indicted on January 11, 2018, along with seventeen others. ECF 1. A

Superseding indictment was filed on March 22, 2018 (ECF 157), adding another defendant. The Superseding indictment charged Smith, the lead defendant, with multiple offenses: conspiracy to distribution and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. 846 ( Nine); and possession of two firearms in furtherance of drug trafficking, in violation of 18 U.S.C. 924(c) (Count Ten).

Mr. Smith retained William B. Purpura, Jr. as his lawyer. Mr. Smith was arrested on April 5, 2018, was the result of an investigation by the Federal Drug Administration (DEA) and the Baltimore Police Department ("BPD") into two separate heroin trafficking organizations in Baltimore City, one of which was known as the "Transformer" heroin shop. ECF 253  and the other was known as the Good Pussy Heroin shop. Mr. Smith  was time barred from bringing this issue to The United States District Court pursuant to Rule 59; therefore he raised in pursuant to Rule 60(b) under newly discover evidence or what ever matter the District Court and Justice warrants this motion to be address on the merit. The Government responded and  Mr. Smith filed a reply to the government  Judge Hollander of the United States District Court denied Smith's motion on April 11, 2023. Stating that Rule 60 (b) was inappropriate vehicles for Smith to raise the "Conflict of Interest" issue.



## QUESTION

-------------

1. DID JUDGE HOLLANDER AND THE UNITED STATED DISTRICT COURT ERRED AND ABUSE ITS DISCRETION BY RULING THAT SMITH COULD NOT RAISE THIS ISSUE PURSUANT TO RULE 60(b) OR WHAT EVER MATTER THAT JUSTICE WARRANTS THIS MOTION TO BE ADDRESS ON THE MERIT OF THE ISSUE RAISED OF THE CONFLICT OF INTEREST....

Mr Purpura, was retain to represent Mr. Smith for $90,000, in the above listed case, in May 2018. Mr. Purpura enter his appearance in the U.S. District Court for the Northern District of Maryland, on June 8, 2018, as reflected on the district court docket entrée. In June 2017, there was a superseding indictment handed down to Agent Hersl of the Baltimore City Police Dept. , who was a member of a group of corrupt cops, in the Gun Trace Task Force. Mr. {Purpura, also represented Agent Hersl.  Agent Craig Jester, was also a Baltimore City Police Officer, who was investigated in the "GTTF" Gun Trace Task Force scandal, Agent Jester is the officer who swore out the first warrant against Smith.

During Mr. Purpura, representation of Agent Hersl, he was interview and debrief by the FBI and the "USAO" United States Attorney Office, as a [part of a plea negotiation in the presence of Mr. Purpura in which Agent Hersl , implicated Agent Jester, in the illegal and corruption that went on within the Gun Trace Task Force. On June 26, 2018, Agent Hersl was sentence to 18 years in prison, while still being represented by Mr. Purpura,

Mr Purpura, never inform Mr. Smith, that  he was representing an officer who at some point had investigated defendants in the same indictment in which Smith is under in the very same case. Attorney Purpura, never reveal not Mr. Smith, the statement that Agent Hersl had made against Agent Jester, the "GTTF" scandal. Mr. Smith never waived the conflict of interest in this case and Mr. Purpura never inform Judge Hollander and the District Court about the "conflict of interest issue.

## ISSUES

--------

1)- JUDGE HOLLANDER AND THE UNITED STATES DISTRICT COURT ERRED AND ABUSED ITS DISCRETION BY RULING THAT SMITH COULD NOT RAISE THIS ISSUE PURSUANT  RULE 60(b) OR WHAT EVER MATTER THAT JUSTICE WARRANTS THIS MOTION TO BE ADDRESS ON THE MERIT OF THE ISSUE RAISED OF THE CONFLICT OF INTEREST.

## ARGUMENTS

---------------



The usual standard for Sixth Amendment ineffective assistance claim is spelled out in the U.S. Supreme Court seminal decision in Strickland v. ashington, which requires proof "that counsel's performance was deficient" and that the dseficient performance prejudice the defense." 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where (as here) the ineffective assistance claim is premised on the existence of an actual "conflict of interest", however, such claim is assessed under the standard outlined in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The Sullivan standard requires a showing that (1) petitioner lawyer operated under a "conflict of interest" and (2)- such conflict adversely affected his lawyer's performance." 446 U.S. at 348. If the petitioner makes this showing prejudice is presumed and nothing more is required for relief. See Id at 349-50; also see Rubin v. Gee, 292 F.3d 396, 402 (4th Cir. 2002) (explaining that prejudice is presumed because, "when lawyers "conflict of interest", adversely affect their performance it calls into question the reliability of the proceeding and represent a breakdown in the adversarial process fundamental to our system of justice.

The evidence I this case will show that Mr. Purpura, was working under an active & actual "conflict of interest", by representing Mr. Smith and Agent Hersl, at the exact same time. In June 2017, there was a superseding indictment handed down to Agent Hersl, of the "GTTF". On February 12, 2018, a jury returned a "guilty verdict on three of the four charges against Agent Hersl. Mr. Purpura, represented Agent Hersl thru-out his case and at sentencing.

Mr. Smith retain Mr. Purpura in May 2018; even though the district court docket entrée, shows that Mr. Purpura, enter his appearance in Mr. Smith's on June 8, 2018. When Agent Hersl, was sentence on June 26, 2018, to 18 years, Mr. Purpura, was representing both Mr. Smith and Agent Hersl. The record and evidence in both cases can not dispute this fact.

Agent Hersl, had attempted to enter into plea negotiation with the United States Attoney's Office and he was debrief by the FBI. During the debriefing and interview with the FBI and the United States Attorney Office, Agent Hersl implicated Agent Jester in the "GTTF" scandal in which Mr. Purpura, was present during these debriefings and interviews. Both Agent Hersl and Agent Jester, had work on numerous occasions from at least 2000 until 2018.

The evidence in Mr. Smith's case will show that the United States Attorney's Office, had contacted Mr, Purpura to reveal to him that Agent Jester was being investigated by their office and the FBI. The Government did not reveal the substance of the investigation to Mr. Purpura, at



least that is what Mr. Purpura told Mr. Smith. After Mr. Smith, was convicted and serving his 10 year sentence, he learn that the investigation of Agent Jester, was also a part of the "GTTF" scandal, the same scandal that Agent Jester, was also a part of the "GTTF" scandal, the same scandal that Agent Hersl was indicted        for, convicted for and sentence in. The "USAO" promised to disclose any and all substantial findings of wrong-doing or any conviction of Agent Jester. As of today's date the "USAO" has refused to honor the obligations of that promise. There were substant, ial finding of wrong doings and Agent Jester has been suspended by the "BCPD"

Mr. Purpura, represented to Mr. Smith, that the "USAO" told him if Agent Jester, was convicted or had any type of findings of wrong-doings that Mr. Smith would be able to withdraw from his plea agreement and elect to go to trial if he chose to.

When Mr. Purpura, learn that the investigation of Agent Jester involved the same investigation and indictment of Agent Hersl, in the "GTTF" scandal, one would think that any competent attorney should know that this is the kind of thing that should be brought to the attention of the district court. To give Judge Hollander an chance to address the "conflict of interest" It is also something that any competent attorney,  should have informed his client of, both Mr. Smith and Agent Hersl, so we would have a chance to decide if we wanted to waive the "conflict of interest" seek the representation of another attorney. Mr. Purpura was only concern about pocketing the money that he was paid. Ones greed should never be put before ones constitutional rights.

Mr. Purpura, did not & have not informed Mr. Smith of the conflict of interest or the information that Agent Hersl provided to the "USAO" and the FBI, about Agent Jester's involvement in the "GTTF" scandal. Mr. Purpura, knew this information, could have assisted Mr. Smith with his case, if no more then to get him a better plea-agreement in his case. The only logical reason that I can think of for Mr. that Purpura not to have disclosed this to Mr. Smith, is because he knew he would have been violating the representation of Agent Hersl, and the attorney/client privilege. Mr. Purpura, also knew that if he had reveal to Mr. Smith, that he was representing one of the officers who was investigating the indictment which Mr. Smith is under, that Mr. Smith would not have wanted Mr. Purpura representation proving "an Actual conflict of interest" in the representation context. 815 F.2d at 1405-06. The Fourth Circuit Court of Appeal's has interpret Smith to mean the following: An "actual conflict of interest occurs when a lawyer has "inconsistent". Smith, 815 F.2d at 1405. In order to prove an actual conflict hindered petitioner's lawyer's performance, petitioner "must make a factual showing of inconsistent interest " or point to "specific instances in the record" to suggest an actual impairment of his or her interest. See Smith 815 F.2d at 1404; Oliver v. Wainwright, 782 F.2d 1521, 1524-25 (11th Cir).

In the present case, Mr. Smith, has shown from the record that there was simultaneous representation in both his and Agent Hersl case . Mr. Smith has shown that Mr. Purpura, earlier representation of Agent Hersl was related to counsel's later representation of Mr. Smith, and Mr. Purpura , actually learned of particular confidential information during the prior representation o fAgent Hersl, that was very relevant to Mr. Smith's later case. The rule of law in this circuit is and will continue to be that "once the former client proves that the subject matter of the present and prior representation are substantially related, the Court will irrebutably presume that relevant confidential information was disclosed during the former period of representation. See Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc. 646 F.2d1020, 1028 (5th Cir. 1981), cert. denied; 454 U.S. 895, 102 S. Ct.

394, 70 L .Ed. 2d 211 (1981). The rationale for this rule applies to both Pretrial proceeding motions to disqualify lawyers as well as post conviction proceedings concerning Sixth Amendment violations E.g. Duncan, 646 F.2d 1020 at 1033.

The reason for this presumption is that it is not practical or fair to require a subsequent client like Mr. Smith, to prove what specific facts the former client Agent Hersl disclosed to the lawyer during the prior representation. Moreover, standard of professionalism often prevent the lawyer from disclosing such information without the former client's consent. To avoid these complications upon a showing of substantial relatedness, it is presume that the former client Agent Hersl, divulged to Mr. Purpura, all of his confidences relevant to the subject of representation.

An conflict of interest, that was not raised before the trial court, the defendant must demonstrate that 1)- counsel operated under "an actual conflict of interest and 2)- this conflict "adversely affected his lawyers performance." United States v. Dehlinger, 740 F.3d 315, 322 (4th Cir. 2014) (quoting Cuyler v. Sullivan, 446 U.S. 335, 38, 100 S.Ct. 1708, 64 L. ed. 2d 333 (1980). If the defendant satisfies this showing, prejudice is presumed, and the defendant need not demonstrate a reasonable probability that, but for counsel's conflicted representation, the outcome of the proceeding would have been different. United States v. Nicholson, 611 F. 3d 191, 205 (4th Cir. 2010).

Mr. Smith, has demonstrated an actual conflict when he showed that his counsel "actively represented conflicting interest".  Sullivan, 466 U.S. at 350. Mr. Smith has established an adverse effect if he rather when he proves that his attorney took action on behalf of one client that was adverse to the defense of another or failed to take action on behalf of one because it would adversely affect another. See- Micken v. Taylor, 240 F.3d 348, 360 (4th Cir. 2001); See Jones v. Polk, 401 F. 3d 257, 267 (4th Cir. 2005). When Agent Hersl, implicated Agent Jester in the "GTTF" corruption, and Mr. Purpura did not reveal or disclose that to Mr. Smith, then Smith has establish the adverse effect that his attorney Mr. Purpura took on Agent Hersl and not Smith himself.  A clear "conflict of interest". Further-more, because an actual conflict of interest requires not a theoretically divided loyalty, but also a conflict and adverse effect inquiries frequently are intertwined, Jones, 401 F.3d at 267,

In United States v. Tatum, 943 F.2d 370, 376 (4th Cir. 1991) ("When the attorney is actively engaged in the legal representation which requires him to account to two masters, an actual conflicxt exists when it can be shown that he took action on behalf of one .); Hoffman v. Leeke, 903 F.2d 280, 286 (4th Cir. 1990); This Fourth Circuit Court of Appeal's . has held in Woodfolk v. Maynard, 857 F.3d 531, U.S. App. LEXIS 8965 (2017); Have found no time bar or adequate state procedural bar to preclude Mr. Woodfolk's claim on the conflict of issue. The same should hold true for Mr. Smith in this case, that's why it is difficult to understand why the district court erred and abused its discretion on this matter. This is something that this Court has ruled has to be done.  The 2nd Circuit Court of Appeals held in Ethridge v. Bell, (No. 20-1685-pr)(2nd Cir, September 20, 2022); that although a district court has the authority to raise the Stone issue sua sponte, a habeas petitioner is entitled to notice and an opportunity be heard before a petition is dismissed, In Smith case the district court abused it discretion by refusing to address the merit on the issues that Mr. Smith has raised.

Judge Hollander and the district court erred and abused its discretion if ruling that I was not allow to raise this conflict of interest issue pursuant 60(b) because I was time barred from raising it [pursuant to Rule 59(b). The Court is wrong. And I will go into depth and show you why tmhe court is wrong and abused it discretion in this case.

Before Mr. Smith, gets into all of the vehicles that he can raise the "conflict of interest" issue on, allow him to tell you why this issue can be r aised pursuant to Rule 60 (b), and, why there is no merit to the government/USAO response.

Under Rule 60(b) there is a section called "Fraud" and I am more then delighted to quote this for the Court. It states as follow: "Fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party are express  grounds for relief by motion under  amended subdivision (b). There is no sound reason for their exclusion. The incorportation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a "reasonable time," which might be after the time stated in the rule had run. Fiske v. Buder, 125 F.2d 841 (8th Cir. 1942); see also inferentially Bucy v. Nevada Construction Co., 125 F.2d 213 (9th Cir 1942). On the other hand, it has been suggested that in view of the fact that fraud was omitted from original Rule 60(b) as a ground for relief, an independant action was the only proper remedy. Commentary, Effect of Rule 60(b) on Other Methods of Relief From Judgment, 1941, 4 Fed Rules Serv 942, 945. The amendment settles this problem by making fraud an expresss ground for relief by motion; and under the saving clause, fraud may be urged as a basis for relief by independant action insofar as established doctrine permits. See Moore and Rogers, Federal Relief from Civil Judgment, 1946, 55  Yale L. J. 623, 653-659; 3 Moore Federal Practice, 1938, 3267 et  seq. And the rule expressly does not limit the power of the court, when fraud has been perpetrated upon it, to give relief under the saving clause. As an illustration of this situation, see Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 88 L.Ed. 1250, 64 S.Ct. 997 (1944)."

Mr. Smith, then went to the Black's Law Dictionary, the Eighth Edition, Ninth Edition, and, the Tenth Edition, to define the word "fraud", it states as follow: "Fraud" , a knowing misrepresentation of truth or concealment of a material fact to induce another to act to his or her detriment. Fraud in usa, a tort but in some cases (esp. when the conduct is willful. (2)- A misrepresentation made recklessly without belief in its truth to induce another person to act. (3)- A tort arising from a knowing misrepresentation, concealment of material facts or reck-

less misrepresentation made to induce another to act to his or her detriment. (4)- Unconscionable dealing, esp. in contract law, the unfair use of the power arising out of the parties relatives positions and resulting in an unconscionable bargain.

Extrinsic Fraud, is defined as follow: (1)- Fraud that is collateral to the issues being considered in the case;specif., intentional misrepresent-ation or deceptive behavior outside the transaction itself (whether a contract or law suit), depriving one party of informed consent or full participation. For example a person might engage in extrinsic fraud by convincing a litigant not to hire counsel or answer by dishonestly saying the matter will not be pursued, - Also termed collateral fraud, (2)- Fraud that prevents a person from knowing about or asserting certain rights.

"Intrinsic Fraud" is defined as Fraud that pertains to an issue involved in a judicial proceeding. Examples include the use of fabricated evidence, perjured testimony and false receipts or other commerical documents.

"Fraud In Law" is defined as: Fraud that is presumed under the cir-cumstances, without regard to intent, usu, through statutorily created inferences. Fraud may be presumed, for example, when a doctor transfer assets and thereby impairs creditors effort to collect sums due. This type of fraud arises by operation of law, from conduct that, if sanctioned would (either in the particular circumstance or in common experience) secure an unconscionable advantage, irrespective of evidence of an actual intent to defraud - Also termed constructive fraud.

"Constructive Fraud" is defined as follow: (1)- Unintentional de-ception or misrepresentation that causes injury to another. (2)- See fraud in law, Also termed legal fraud; fraud in comtemplation of law; equitable fraud, fraud in equity.

" In equity law the term fraud has a wider sense, and includes all acts, ommission, or concealments by which one person obtain an advantage against conscience over another, or which equity or public policy forbids as being to another's prejudice; as acts in violation of trust and confi-dence. This is often called constructive, legal, or equitable fraud, or fraud in equity." Encyclopedia of Criminology, 175 (Vernon C. Branham & Samuel B. Kutash eds., 1949), s.v. "Fraud."

The facts and the evidence in this case is clear and undisputed, by Mr. Purpura; as well as the government/USAO, the "conflict of interest " was never reveal to Mr. Smith in this case.  Mr. Smith, never waive the "conflict of interest", orally or in writing, these a re facts. The is no documental that Mr. Smith sign and waive the "conflict of Interest" There is no record, recording or transcript of Mr. Smith waiving this "conflict of interest", or that it was brought to the attention of Judge Hollander, and this Court. Rule 1.7, is clear what has to be done, when a Conflict of Interest arises, and the facts and evidence shows that none of that was done in Mr. Smith's, case. Rule 60(b) is just as clear, that the Court can entertain and has jurisdiction or authority to hear and rule on the merits, is there is fraud. By the Black's Law Dictionary, itself it defines "fraud" as a misrepresentation, concealment or an ommission.  Mr. Purpura nor the government/USAO; never inform this Court of the conflict. Whether this concealment or omission was done intentional or unintentional, it is still fraud, and the Court has a right to address the issue under Rule 60 (b), the route that Mr. Smith, move the Court to do so. There is no procedure bar, as the government/USAO, alleges in its response in opposition to Mr. Smith's motion. This matter is ripe for this Court and Mr. Smith, prays that the Court will rule on the merits of this issue. Mr. Smith, ask the Court to please take notice that the only reason that the USAO, did not resond to the "conflict of interest" issue is because they do not have a defense to it, So I believe it is right to say that Mr. Purpura, representation of Mr. Smith, was a actual & active, "conflict of interest that demands that the case against Mr. Smith to be dismiss. It was this Court and Judge Hollander, who spoke so highly about the competence of Mr. Purpura, representation, and the AUSA handling of Mr. Smith's case. If they are such competent attorney's as the Court alleges, would they not brought this matter to the attention of the Court and Mr. Smith. When atleast five competent attorney's, failed or refused to address this matter to the Court, the Court should presume that they conceal, omitted, and withheld this from the Court, intentionally. Which is "fraud", by the definition of the Black's Law Dictionary, which I believe is a reference in which I believes the Court use.

Another reason or scenario, Mr. Smith, believes that this matter is ripe for this Court, is the title of his motion itself. Mr. Smith, said he was bringing the motion pursuant to Rule 60(b) or what ever matter

9.

this court and justice warrants this motion to be address on the merits of the conflict of interest. Mr. Smith, has said or stated that more then once in this reply; for he wanted to make sure he protected himself, by asking the Court to bring this "conflict of interest" issue, pursuant to what ever vehicle that the Court can use to address the conflict of interest" issue on the merits. In other words Mr. Smith, was asking the Court to correctly recharacterize the motion to something that gives the Court jurisdiction to rule on the merits of his issue, if by chance Rule 60(b) was not the correct vehicle. I think and believe that Mr. Smith, has more then protected himself, when he title his motion that way.

Courts must read pro-se allegations in a liberal fashion and hold those pro-se pleadings "to less stringent standards than formal pleadings drafted by lawyers. "Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L. Ed. 2d 652 (1972). Pursuant to 28 U.S.C. 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Mr. Smith, believes that he has stated a claim, which relief can be granted. It's nothing frivolous, or, malicious, about an actual and active "conflict of interest", with that being said, there is no justified reason for this court dismiss Mr. Smith. The United States Attorney's Office, didn't even argue in their response, that Mr. Smith didn't state a claim, or that his motion was frivolous or malicious. The reason why that office, didn't is because they know that it isn't. So if the Court, reads the motion Mr. Smith, filed in the proper-person, in a liberal fashion and hold Mr. Smith's pleadings "to less stringent standards than formal pleadings drafted by lawyers", then this matter and motion is ripe for this Court to rule on the merits of the "conflict of interest" issue.

This Circuit has held, still holds and reaffirm that the Smith case articulates this circuit's test for proving "an actual conflict of interest" in the representation context. 815 F.2d at 1405-06. The Fourth Circuit Court of Appeal's has interpret Smith to mean the following: An "actual conflict of interest occurs when a lawyer has "inconsistent".

Smith, 815 F.2d at 1405. In order to prove an actual conflict hindered petitioner's lawyer's performance, petitioner "must make a factual showing of inconsistent interest" or point to, "specific instances in the record" to suggest an actual impairment of his or her interest. See Smith, 815 F.2d at 1404; Oliver v. Wainwright, 782 F.2d 1521, 1524-25 (11th Cir)

In the present case, Mr. Smith, has shown from the record that there was an simultaneous representation in both his and Agent Hersl case Mr. Smith, has shown that Mr. Purpura, earlier representation of Agent Hersl's, was related to counsel's later representation of Mr. Smith, and Mr. Purpura, actually learned of particular confidential information during the prior representation of Agent Hersl, that was very relevant to Mr. Smith's later case. The rule of law in this circuit is and will continue to be that "ONCE THE FORMER CLIENT PROVES THAT THE Subject matter of the present and prior representation are substantially related, the Court will irrebutably presume that relevant confidential information was disclosed during the former period of representation. See- Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc. 646 F.2d 1020, 1028 (5th Cir. 1981), cert. denied; 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed. 2d 211 (1981). The rational for this rule applies to both pretrial proceedings motions to disqualify lawyers as well as post-conviction proceedings concerning Sixth Amendment violations. E.g. Duncan, 646 F.2d 1020 at 1033.

The reason for this presumption is that it is not practical or fair to require a subsequent client like Mr. Smith, to prove what specific facts the former client Agent Hersl, disclosed to the lawyer during the prior representation. Moreover, standard of professionalism often prevent the lawyer from disclosing such information without the former client's consent. To avoid these complications upon a showing of substantial relatedness, it is presume that the former client Agent Hersl, divulged to Mr. Purpura, all of his confidences relevant to the subject of representation.

An conflict of interest, that was not raised before the trial court, the defendant must demonstrate that 1)- counsel operated under "an actual conflict of interest" and 2)- this conflict "adversely affected his lawyer's performance." United States v. Dehlinger, 740 F.3d 315, 322 (4th Cir. 2014) (quoting Cuyler v. Sullivan, 466 U.S. 335, 348, 100 S.Ct. 1708, 64 L. Ed 2d 333 (1980). If the defendant

(17)

satisfies this showing, prejudice is presumed, and the defendant need not demonstrate a reasonable probality that, but for counsel's conflicted representation, the outcome of the proceeding would have been different. United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010)..

Mr. Smith, has demonstrated an actual conflict when he showed that his counsel "actively represented conflicting interest". Sullivan 446 U.S. at 350. Mr. Smith has established an adverse effect if he rather when he proves that his attorney took action on behalf of one client that was adverse to the defense of another, or, failed to take action on one because it would adversely affect another. See- Micken v. Taylor, 240 F.3d 348, 360 (4th Cir. 2001); see- Jones v. Polk, 401 F.3d 257, 267 (4th Cir. 2005). When Agent Hersl, implicated Agent Craig Jester and other member of the "GTTF" corruption, and, Mr. Purpura, did not reveal or disclose that to Mr. Smith, then Mr. Smith has establish the adverse effect that his attorney, Mr. Purpura took on Agent Hersl, and, not Smith himself A clear "conflict of interest". Further-more, because an actual "conflict of interest" requires not a theoretically divided loyalty, but also a conflict that actually affected counsel's performance, the actual conflict and adverse effect inquires frequently are interwined. Jones, 401 F. 3d at 267.

In United States v. Tatum, 943 F.2d 370, 376 (4th Cir. 1991) ("When the attorney is actively engaged in the legal representation which requires him to account to two masters, an actual conflict exist when it can be shown that he took action on behalf of one.); Hoffman v. Leeke, 903 F.2d 280, 286 (4th Cir. 1990). The Fourth Circuit Court of Appeal's, has held in Woodfolk v. Maynard, 857 F.3d 531, U.S. App. LEXIS 8965 (2017); Have found no time bar or adequate state procedural bar to preclude Mr. Woolfolk's claim on the conflict of issue. The same should hold true for Mr. Smith in the present case.

This Court has the power to correctly recharacterized a Rule 60 (b) motion if the court finds its not applicable to the criminal judgment Mr. Smith believe that his Rule 60(b) is the applicable vehicle to hear this conflict of interest issue on the merit, due to the fraud that was committed upon the Court, by the concealment of the "conflict of interest This Court could recharacterize the motion as many different motions or vehicles, such as Fed. R. Civ. P. 12(b)(1); Rule 37; A 2241 petition, which would require records to be transfer to a Sister Circuit, where Mr.

(14)

Smith is incarcerated. Witnesses would have to travel there to give their sworn testimony, which would be costly and inconvenient, judicial economy should be consider, there is a 28 U.S.C. 1655, that grants this Court the power to entertain this motion pursuant to Rule 60(b) or the many other vehicles to rule on the merit of the issue raised, by Mr. Smith. Other cases that may assist the Court in making its decision are as follow: United States v. Belton, 2020 U.S. District LEXIS 6681 (2022); Woodfolf v. Maynard, 857 F.3d 531 (2017), United States v. Letitia Magini, 973 F.2d 261 (1992); Hooper v. Barnett, 1992 U.S. App. LEXIS 17459 (1992); United States v. Gilliam, 975 F.2d 1050 (1992), the Fourth Circuit Court of Appeal's concluded that the district court erred in failing to conduct a Federal Rule of Criminal Proceeding 44(c) hearing. ; United States v. Hart v. Davenport, 478 F.2d 203 (1973); the district court denial of appellant's petition challenging his conviction was REVERSED with instrution to release appellant unless a new trial was soon granted.; United States v. Swartz, 975 F.2d 1042 (1992), was denied Sixth Amendment Right to effective representation by representing both her and her co-defendant resulting in an actual conflict of interest. The Fourth Circuit Court of Appeal's REVERSED and VACATED. United States v. Tatum, 943 F.2d 370 (1991

The law demands that Mr. Smith's case be REVERSED & REMANDED to the district court for a NEW TRIAL or a Evidentiary Hearing, due to the active and actual conflict of interest with Mr. Purpura's representation of Mr. Smith, due to his representation of Agent Hersl, at the same time he was representing Mr. Smith, in the above listed case. The Sixth Amendment of the United States Constitution, as well as fundamental fairness demands it.

Respectfully Submitted

*Patrick Smith*

Patrick Smith #63919-037
~~Federal Prison Camp~~
~~Box Talladega~~
~~PMB 1000~~
~~Talladega, Alabama 35160~~

Pro-Se

(13.)

## CERTIFICATE OF SERVICE

---------------------------------

I HEREBY CERTIFY, that on this 8th day of May 2023, that the exact same copy was send to Ms. Christine Goo, Mr. Brandon Moore, and Mr. Ereck L. Barron, at the United States Attorney's Office, located at 36 South Charles Street, Suitev 400, Baltimore, Maryland 21201; by First Class United States Mail & Postage.

Respectfully Submitted

*Patrick Smith*

Patrick Smith #63919-037

322 Carrollton Ave.

Baltimore, Maryland 21223

Pro-Se