IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

PATRICK SMITH,

*Defendant*.

Criminal No. ELH-18-0017

**MEMORANDUM**

By Memorandum Opinion (ECF 1046) and Order (ECF 1047) of April 29, 2022, the Court denied the petition for post-conviction relief filed by defendant Patrick Smith, pursuant to 28 U.S.C. § 2255. *See* ECF 756; ECF 847; ECF 891. On August 9, 2022, defendant filed a motion asking the Court to reconsider its denial of the motion for post-conviction relief. ECF 1103 ("Motion for Reconsideration" or "Motion"). By Memorandum (ECF 1105) and Order (ECF 1106) of August 11, 2022, I construed the Motion for Reconsideration as a request for post-judgment relief under Fed. R. Civ. P. 60(b) and denied it. *See* ECF 1105 at 3–5. Defendant noted an appeal from the denial of the Motion for Reconsideration. ECF 1112.

The Fourth Circuit ruled on the appeal in an opinion issued on May 14, 2024. *See United States v. Smith*, 2024 WL 2151186, at *2 (4th Cir. May 14, 2024). The Court concluded that I should not have construed the Motion for Reconsideration under Rule 60(b). *Id.* Instead, the Court determined that I should have construed the Motion as a second or successive petition under 28 U.S.C. § 2255. *Id.* And, because the Fourth Circuit had not authorized defendant to file a successive petition, it remanded the case to me "with instructions to dismiss [the Motion] for lack of subject matter jurisdiction." *Id.* The mandate issued on July 8, 2024. ECF 1250.

Section 2255(h) of 28 U.S.C. provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A district court lacks jurisdiction over a second or successive post-conviction petition filed without authorization by the appropriate court of appeals. *See Bixby v. Stirling*, 90 F.4th 140, 157 (4th Cir. 2024). A court that lacks jurisdiction over a second or successive petition is "obliged to dismiss" the petition. *Id.*

The Fourth Circuit did not authorize defendant to file the Motion for Reconsideration, which is, in actuality, a successive petition. *Smith*, 2024 WL 2151186, at *2. Therefore, consistent with the Fourth Circuit's opinion, this Court lacks jurisdiction over the Motion. *See id.* Accordingly, I shall dismiss the Motion for Reconsideration (ECF 1103) for lack of jurisdiction.

An Order follows, consistent with this Memorandum.


Date: July 16, 2024                              /s/
                                                 Ellen Lipton Hollander
                                                 United States District Judge

2